OPINION OF THE COURT
Karen K. Peters, J.
Tiffany A. was born on June 20, 1987 to Alvina L. and Raymond A. She has two half siblings, James L., born July 5, 1983 and Charles R., Jr., born August 6, 1977. Those siblings reside with their father, Mr. Charles R. in Albany County. The infant child Tiffany has been in foster care through the Ulster County Department of Social Services since August 1988, pursuant to an order of disposition resulting from a finding of neglect against Ms. L. Mr. A. received notice of the pendency of the neglect proceeding, appeared in court at the dispositional hearing and voiced no objection to the placement of his daughter in foster care. Tiffany has resided in the same foster home since her placement in foster care. Her natural mother was initially incarcerated at the Ulster County Jail in mid-August 1989 and was subsequently transferred to State prison.
On September 22, 1989, over one year after the infant’s entry into foster care, Tiffany A.’s maternal grandmother, Evelyn L., filed a petition for guardianship. Notice of said petition was not provided to the child’s foster mother. This matter was initially heard on November 30, 1989. On that date the Law Guardian for the infant child, Tiffany, disagreed with the request for guardianship, and was of the opinion that the child should remain in foster care. The natural mother had no objection to guardianship of the infant child being granted to the petitioner. The Department of Social Services advised that the petitioner was being investigated by the Department of Social Services in the City of New York with regard to her appropriateness as a foster parent, and that if she was deemed acceptable by the City of New York, the Ulster County Department of Social Services would not oppose this petition. The court determined that if no objection to the petition was interposed by the department within 45 days, it would grant the petition for guardianship.
Shortly thereafter, the Department of Social Services *740 brought on an application by order to show cause requesting that the court vacate its oral order entered November 30, 1989 and direct that notice of the guardianship petition be given to Grace F., the foster mother, on the grounds that she has had physical custody of the child since August 25, 1988 and that she, therefore, in accordance with section 383 (3) of the Social Services Law, has the right to intervene in this proceeding, as it involves the "custody” of the infant child. They advised this court that they had failed to so notify her.
This court granted that relief, and on January 10, 1990 entered an order permitting Ms. F. to intervene in the above-entitled proceeding. This matter is now scheduled for trial on April 19, 1990. On February 20, 1990 this court received a motion filed by counsel for the intervenor requesting that this court dismiss the guardianship petition on various grounds set forth in its accompanying affirmation or, in the alternative, order an investigation by a disinterested person pursuant to section 205.56 of the Uniform Rules for Trial Courts (22 NYCRR). The motion specifically requested that the petitioner, the foster mother, Grace F., Mr. Charles R., Mr. Albert L. and Tamika L. be investigated.
In support of his motion to dismiss, counsel for intervenor sets forth numerous grounds which he believes sufficient to cause the court to dismiss the petition.
An affirmation in opposition to the motion to dismiss was received in this court on March 6, 1990 filed by counsel for the petitioner, maternal grandmother. The Department of Social Services did not respond to the motion, nor did counsel for Alvina L., the natural mother.
In addition to advising the court of its opposition to this motion to dismiss, counsel for petitioner also made a cross motion for an order pursuant to CPLR 3103 modifying intervenor-respondent’s notice of deposition upon oral examination dated February 15th, which demanded that he produce income tax records, bank records, and other financial information.
This court will deal with the motion to dismiss first. First it is alleged that the petition is invalid and jurisdictionally defective because it is unverified.
Second, it is alleged that the petition fails to contain the necessary allegations required by SCPA 1704 (6). It is notable that the petition specifically fails to state that the infant has been the subject of an indicated report and that in fact, a *741 proceeding did take place which resulted in an order finding that the child was abused or neglected. Instead of specifically stating the facts known to the petitioner, her petition merely contained the language set forth in the statute.
Third, it is alleged that the petition specifically fails to satisfy SCPA 1704 (2) in that the petition fails to allege the domicile of the parents. The petition conforms to the Office of Court Administration’s published form for a petition for guardianship of the person to be filed in the Family Court. It does not contain an allegation as to the domicile of the parents. Regrettably, this oversight causes the petition to fail to conform to the requirements of SCPA 1704. As petitioner used the form provided by the Office of Court Administration, this court will not find that this error in and of itself constitutes sufficient grounds to dismiss the petition.
Fourth, the respondent-intervenor moves to dismiss on the grounds that the petition fails to contain the necessary statutory allegations with regard to the estimated value of the real and personal property and the annual income therefrom to which the child is entitled as required by section 1704 (4). Movant is correct that the petition fails to contain such allegation. Regrettably, again, the Office of Court Administration in preparing form petitions for use in the Family Court has failed to include this allegation in such petition.* Upon a cursory consideration of the question one might conclude that there would be no necessity for petitioner to describe the estimated value of real and personal property and the annual income therefrom to which the infant would be entitled, since the petitioner is not requesting guardianship of the property of the child, but rather guardianship of the person. However, since SCPA 1704 sets forth the information which must be contained in any petition for appointment of a guardian, it should be complied with.
Finally, intervenor alleges that the court lacks jurisdiction to proceed and that proper service was not made upon neces *742 sary parties. When this guardianship matter was initially heard by this court, a petition for extension of placement pursuant to docket No. N-124/126-88 was also calendared and heard by the court. This court permitted service of process of the petition for extension of placement upon the natural father by substituted service upon his daughter, Ms. Catherine B. in Newburgh, New York. Proof of such substituted service was provided to this court on January 4, 1990.
There is no evidence before the court that the natural father has received adequate notice concerning the guardianship petition. This court must therefore find that the petitioner has failed to comply with service requirements of SCPA 1705 in that the petitioner has failed to provide proof of service of process upon the natural father or allege that such service is unnecessary. The court is mindful of the fact that SCPA 1705 specifically provides that process is not necessary to a parent who has been judicially deprived of custody of the infant and that in this particular case the custody of the child is the Department of Social Services. Therefore, counsel may argue that both parents have been deprived of "custody” of the child. This court will not necessarily conclude, however that they need not be served with notice of this proceeding.
Having reviewed the guardianship petition filed in this proceeding, this court finds that respondent is correct that petitioner failed to verify the petition, failed to allege information concerning the infant child being the subject of an indicated report, failed to comply with SCPA 1704 (2) in failing to allege the domicile of the parents, failed to allege necessary statutory information regarding her real and personal property and annual income derived therefrom and failed to serve necessary parties.
This court has not ignored petitioner’s counsel’s argument that as the petition form was issued by the Office of Court Administration and completed by the Family Court intake officer all error should be excused. This court also has not ignored petitioner’s counsel’s argument to the affect that any defect in said petition is a mere irregularity and not jurisdictional and that no party has been prejudiced thereby. This court finds that the irregularities are so numerous such as to cause the court to grant the motion to dismiss.
Counsel for petitioner also requests the opportunity to amend the petition if the defects are deemed sufficient to cause the court to grant the motion to dismiss. In most *743 circumstances, this court is willing to grant leave to amend a petition upon request of counsel provided that prejudice to other parties is avoided or, if said exists, methods are achieved by which such prejudice can be minimized. For example, this court routinely grants motions to amend petitions to conform to the proof in Family Court Act article 10 proceedings but assures respondent’s counsel that time will be provided to them to prepare additional evidence or witnesses if they choose to do so.
In this particular case, this court exercises its discretion in refusing to permit an amendment to the petition so as to cure the defects and irregularities contained therein. This court does so because it specifically finds that as the child is in the care and custody of the Department of Social Services, a petition for guardianship in which the petitioner requests physical possession of the child does not lie. This court finds as a matter of law that, having deprived the parents of custody by placing the infant in the care and custody of the Department of Social Services, physical possession of the child can only be changed by a subsequent order of custody of this court or by the retaining of the child in the legal care and custody of the Department of Social Services but transfer of the physical possession to the petitioner. Of course, in this situation, the rights of the foster parent which have ripened must be preserved.
The clerk shall prepare an order dismissing the petition.

 This court has been advised that, in preparing forms to be used in the Family Court for petitions for guardianship of a person, the Office of Court Administration counsel’s office was of the opinion that section 661 of the Family Court Act should be interpreted so as to relieve the petitioner from the obligation of complying with SCPA 1704 (4). Section 661 of the Family Court Act specifically provides that "[t]he provisions of the surrogate’s court procedure act shall apply to the extent they are applicable to guardianship of the person of a minor and do not conflict with the specific provisions of this act” (emphasis added).